THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| IVAN VAZQUEZ,<br>Plaintiff,<br>v.<br>RICHARD MAURO et al.,<br>Defendants. | **MEMORANDUM DECISION & ORDER TO SHOW CAUSE**<br>Case No. 2:24-CV-924-AMA<br>District Judge Ann Marie McIff Allen |

Having screened Plaintiff's *pro se* prisoner civil-rights Complaint,[1] under its statutory review function,[2] the Court proposes to dismiss this action because Plaintiff fails to state a claim upon which relief may be granted. Dkt. No. 1.

---

[1] The federal statute creating a "civil action for deprivation of rights" reads, in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . ., subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

42 U.S.C.S. § 1983 (2026).

[2] The screening statute reads, in pertinent part:

> (a) Screening.--The court shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) Grounds for dismissal.--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—
>> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C.S. § 1915A (2026).

Plaintiff names as defendants Richard Mauro and Grant Miller, both public defenders apparently involved in Plaintiff's state criminal proceedings. *Id.* Plaintiff alleges Defendants have violated his civil liberties, including his right to due process. *Id.*

**ANALYSIS**

**A. Standard of Review**

When deciding if a complaint states a claim upon which relief may be granted, the Court takes all well-pleaded factual statements as true and regards them in a light most favorable to the plaintiff. *Ridge at Red Hawk L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007). Dismissal is fitting when, viewing those facts as true, the Court sees that the plaintiff has not posed a "plausible" right to relief. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Robbins v. Oklahoma*, 519 F.3d 1242, 1247-48 (10th Cir. 2008). Plaintiff has the burden "to frame a 'complaint with enough factual matter (taken as true) to suggest'" entitlement to relief. *Robbins*, 519 F.3d at 1247 (quoting *Twombly*, 550 U.S. at 556).

The Court construes *pro se* "pleadings liberally, applying a less stringent standard than is applicable to pleadings filed by lawyers. Th[e] court, however, will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (cleaned up). The Tenth Circuit holds that, if pleadings can reasonably be read "to state a valid claim on which the plaintiff could prevail, [they should be read] so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Still, "the proper function of the district court [is not] to assume the role of advocate for

the pro se litigant." *Id.*; *see also Peterson v. Shanks*, 149 F.3d 1140, 1143 (10th Cir. 1998).

Dismissing the complaint "without affording the plaintiff notice or an opportunity to amend is proper only when it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Curley v. Perry*, 246 F.3d 1278, 1281-82 (10th Cir. 2001) (cleaned up).

**B. State-Actor Requirement**

To state a cause of action under § 1983, Plaintiff must allege (1) deprivation of a federal right by (2) a person acting under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980); *Watson v. City of Kansas City*, 857 F.2d 690, 694 (10th Cir. 1988).

"[T]he Supreme Court has stated that 'a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding.'" *Garza v. Bandy*, 293 F. App'x 565, 566 (10th Cir. 2008) (unpublished) (quoting *Polk County v. Dodson*, 454 U.S. 312, 325 (1981)). And, "'though the defective performance of defense counsel may cause the trial process to deprive an accused person of his liberty in an unconstitutional manner, the lawyer who may be responsible for the unconstitutional state action does not himself act under color of state law within the meaning of § 1983.'" *Id.* (quoting *Briscoe v. LaHue*, 460 U.S. 325, 329 n.6 (1983)).

The Court thus proposes to dismiss Defendants on the basis that they are not state actors for purposes of § 1983.

**ORDER**

**IT IS ORDERED** that Plaintiff must within thirty days **SHOW CAUSE** why his Complaint should not be dismissed for failure to state a claim upon which relief may be granted. *See* 28 U.S.C.S. § 1915(e)(2)(B) (2026).

DATED this 19th day of November, 2026.

BY THE COURT:

JUDGE ANN MARIE MCIFF ALLEN
United States District Court